IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SUN PRODUCTS CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOCK & LOAD INDUSTRIES LLC, a California limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-316-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Lock & Load Industries LLC's ("Defendant") motion for leave to file a third-party complaint;[2] and (2) The Sun Products Corporation's ("Plaintiff") motion to strike Defendant's third-party complaint or, in the alternative, to sever the third-party claims and try them separately.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  See DUCivR 7-1(f).  The court will address the motions in turn.

---

[1] *See* docket no. 30.

[2] *See* docket no. 26.

[3] *See* docket no. 45.

### I. Defendant' Motion for Leave to File Third-Party Complaint

On September 30, 2011, Defendant filed its motion for leave to file a third-party complaint.[4]  The motion became fully briefed on November 14, 2011.[5]  Plaintiff filed its most recent amended complaint on November 18, 2011.[6]  On November 29, 2011, Defendant filed its answer to that amended complaint, which was the first answer Defendant had filed in this case.[7]  Notwithstanding its previously filed motion for leave to file a third-party complaint, Defendant's answer included a third-party complaint against Xian Foreign Trade and Economic Development Corporation, Ltd. and Jiangsu EqualChem Co., Ltd.[8]

The court first addresses Plaintiff's argument that Defendant's third-party complaint should not be allowed.  Defendant initially argued that the instant motion was governed by rule 15 of the Federal Rules of Civil Procedure.  However, as Plaintiff has correctly noted, the motion is actually governed by rule 14 of the Federal Rules of Civil Procedure.  Rule 14(a)(1) provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

---

[4] *See* docket no. 26.

[5] *See* docket nos. 33, 41.

[6] *See* docket no. 42.

[7] *See* docket no. 43.

[8] *See* docket nos. 43, 48.

Although Plaintiff makes various arguments about whether Defendant's third-party complaint should be allowed under rule 14, the court concludes that the plain language of rule 14 is dispositive of that issue. As indicated above, rule 14(a)(1) permits a party to file a third-party complaint without leave of court, provided that the third-party complaint is filed within 14 days after the party files its original answer. Defendant's original answer and its third-party complaint were filed on the same day. Consequently, Defendant was allowed to file its third-party complaint without leave of court. Therefore, Defendant's motion for leave to file its third-party complaint was unnecessary and is moot.

The court next addresses Plaintiff's argument that Defendant's third-party complaint should not be allowed because the court lacks personal jurisdiction over the proposed third-party defendants. In response, Defendant argues, among other things, that Plaintiff does not have standing to make jurisdictional arguments on behalf of the third-party defendants. The court agrees with Defendant. "A party must have standing to raise objections to particular issues." *Clark v. Assocs. Commercial Corp.*, 149 F.R.D. 629, 634 n.3 (D. Kan. 1993) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)) (other citation omitted). "Thus, because a defendant may waive objections to the court's jurisdiction over his person, 'a lack of jurisdiction or venue cannot be asserted by the original plaintiff as to the third-party claim. . . .'" *Id*. (quoting 4 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1445 at 353 (2d ed. 1990)) (alteration in original); *see also Jenkins v. Smead Mfg. Co.*, No. 09-CV-0261-IEG (BLM), 2009 U.S. Dist. LEXIS 101545, at *9 (S.D. Cal. Oct. 28, 2009) (stating that personal jurisdiction and venue are both "waivable by the affected parties, and therefore cannot be raised on their behalf

3

by anyone else"). Because Plaintiff does not have standing to make jurisdictional arguments on behalf of the third-party defendants, its argument on that point fails.

## II. Plaintiff's Motion to Strike Defendant's Third-Party Complaint or, in the Alternative, to Sever Third-Party Claims and Try Them Separately

In this motion, Plaintiff seeks alternative remedies with respect to Defendant's third-party complaint. Plaintiff first moves the court to strike the third-party complaint. For the same reasons the court set forth in addressing the previous motion, that motion is denied.

Plaintiff alternatively moves the court to sever Defendant's third-party claims and try them separately. In support of that motion, Plaintiff argues that allowing the third-party claims to proceed in this case would cause confusion, significant delays, and disruption. Plaintiff also argues that allowing the third-party claims would prejudice Plaintiff's right to pursue its remedies against Defendant in an efficient and timely manner.

In response, Defendant argues that the third-party claims should be allowed because the facts and issues involved in those claims are the same as the facts and issues implicated by the other claims in this case. Defendant admits that allowing the third-party claims may cause some delay, but it argues that it will be prejudiced if it is potentially found to be liable for the acts of the third-party defendants.

Pursuant to rule 14(a)(4), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "Rule 14(a) strives to promote judicial efficiency by reducing multiplicitous litigation. Courts construe Rule 14(a) liberally, but can exercise their discretion to strike, sever, or separately try third-party claims." *Nat'l Fire Ins. Co.*

*v. Nat'l Cable Television Coop., Inc.*, No. 10-2532-CM, 2011 U.S. Dist. LEXIS 40952, at *4 (D. Kan. April 14, 2011) (citations omitted).  "The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court." *First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th. Cir. 1992).

> Some of the relevant factors for a court to consider when exercising this discretion include:  (1) the benefits of a single action versus prejudice to the other party and confusion, (2) the timeliness of the request and prejudice to the plaintiff in delay, (3) whether the main case would unnecessarily expand in scope, (4) whether impleading new parties would unduly delay or complicate the trial, and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.

*Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 514 (D. Kan. 2003).

   The court now turns to considering the relevant factors from the list above.  First, and most importantly, the court concludes that the benefits of a single action outweigh the potential prejudice to Plaintiff created by the delay and confusion associated with allowing the third-party claims to go forward in this case.  Principles of judicial economy dictate that they should indeed be allowed.  As noted by Defendant, both Plaintiff's claims and the third-party claims involve many of the same facts and issues.  Further, the court has determined that requiring Defendant to litigate its claims against the third-party defendants in a separate action would be duplicative because it would essentially require Defendant to litigate those same facts and issues twice.

Second, Defendant has filed its third-party complaint in a timely fashion, so there is no prejudice to Plaintiff caused by any delay. Indeed, Plaintiff's most recent amended complaint was only recently filed, and Defendant filed a timely third-party complaint.

Finally, the court addresses whether allowing the third-party claims would unnecessarily expand the case in scope or unduly delay or complicate the trial. It is true that Plaintiff has identified several issues relative to service of process and choice of law issues that may delay and complicate matters in this case. However, and as noted above, the court concludes that principles of judicial economy outweigh any expansion in the scope of this case and potential delays and complications.

For these reasons, the court concludes that the third-party claims should not be severed and tried separately. Accordingly, Plaintiff's motion to strike Defendant's third-party complaint or, in the alternative, to sever the third-party claims and try them separately is denied.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for leave to file a third-party complaint[9] is **MOOT**.

---

[9] *See* docket no. 26.

2. Plaintiff's motion to strike Defendant's third-party complaint or, in the alternative, to sever the third-party claims and try them separately[10] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 31st day of January, 2012.

                                BY THE COURT:


                                PAUL M. WARNER
                                United States Magistrate Judge

---

[10] *See* docket no. 45.