# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| THE SUN PRODUCTS CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOCK & LOAD INDUSTRIES LLC, a California limited liability company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-316-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Lock & Load Industries LLC's ("Defendant") motion to compel and to continue discovery.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **RELEVANT BACKGROUND**

Sun Products Corporation ("Plaintiff") filed this suit against Defendant on April 4, 2011, claiming breach of contract, fraud in the inducement, breaches of various warranties, and other

---

[1] *See* docket no. 30.

[2] *See* docket no. 108.

claims.[3] Plaintiff alleges that in late 2010 and early 2011, Defendant sold to Plaintiff an anti-bacterial chemical, triclosan, which failed to meet certain specifications.

On December 13, 2011, Philip Kumar ("Mr. Kumar"), a representative of Plaintiff, was deposed. During his deposition, Mr. Kumar was asked about a particular email from Plaintiff's employee, Laurie Jensen ("Ms. Jensen"), wherein Ms. Jensen asked Mr. Kumar whether Defendant guaranteed that its product met certain specifications ("May 2008 e-mail"). According to Defendant, although two other people were copied on that e-mail, no written response to that e-mail has been provided to Defendant. During Mr. Kumar's deposition, Defendant's counsel requested that Mr. Kumar check to see if there was a missing e-mail responsive to the May 2008 e-mail. Mr. Kumar responded by indicating that he would check.

On December 27, 2011, Defendant's counsel sent Plaintiff's counsel a letter requesting follow-up information that was discussed and requested in Mr. Kumar's deposition. Included within the follow-up items requested, one item requested that Plaintiff identify whether there was a response to the May 2008 e-mail. According to Defendant, no such e-mail response has been provided.

On September 16, 2011, Defendant submitted its first set of interrogatories and requests for production of documents to Plaintiff. On January 26, 2012, Defendant submitted its fifth set of requests for production of documents and things to Plaintiff. Several of those discovery requests cover subject matter that includes any response to the May 2008 e-mail.

On October 30, 2013, the deposition of Michelle Comas ("Ms. Comas") was taken pursuant to rule 30(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(b)(6).

---

[3] *See* docket no. 2.

The notice of deposition indicated that the questioning of Plaintiff's representative would include information relating to Plaintiff's document retention policies and practices from 2007 through the present, including policies and practices related to backing up copies of e-mails. When Ms. Comas was questioned about what she did to verify whether there was a response to the May 2008 e-mail, Ms. Comas testified that she essentially looked at e-mails without performing any type of forensic analysis.

On November 27, 2013, Defendant submitted a request for production of documents to Plaintiff asking Plaintiff to:

> Provide for inspection and copying all e[-]mail hardware, computers, etc. and software systems and any other systems from which electronic data was used to provide documentation that has been produced in this action, including, but not limited to, [Standard Operating Procedures ("SOP" and, collectively, "SOPs")] from 2009 through the present, and all e[-]mails to and from [Ms.] Jensen, [Ms.] Comas, [Mr.] Kumar, and Wes Baker from May of 2008 through July of 2008.[4]

Sun Products objected to the discovery request.

As a follow-up to Ms. Comas' deposition, Defendant's counsel sent a letter dated December 23, 2013, to Plaintiff's counsel. That letter proposed a plan and process for mirroring hard drives and cataloging backup tapes, and indicated that Defendant would bear the cost. In a letter dated January 9, 2014, Plaintiff's counsel addressed the items raised in the December 23, 2013 letter. Plaintiff's counsel expressed a concern regarding Defendant's "wasting" insurance policy and also expressed concern about Plaintiff bearing the cost of research with respect to its hardware and software, cataloging, and backup tapes.

---

[4] Docket no. 108 at ¶11.

In a letter dated April 8, 2014, Defendant's counsel proposed a process for mirroring four of Plaintiff's employees' hard drives and for cataloging one or two of Plaintiff's backup tapes. Defendant's counsel indicated that he understood that the mirroring process could be completed in one day or less and could cost from $600 to $1,600. Defendant's counsel further indicated that a third-party vendor would maintain custody and control of the data, Defendant's counsel would provide search terms and date ranges, and the third-party vendor would then give Plaintiff's counsel access to the search results to review for privilege. Finally, Defendant's counsel indicated that, after determining which backup tapes he wanted to catalog, the same process for the hard drives would be utilized and that the cataloging of the tapes would cost $100 per tape. In response to the April 8, 2014 letter, Plaintiff's counsel indicated that it would be willing to consider the proposed discovery measures if Defendant agreed to pay for the cost outside of the "wasting" insurance policy.

Subsequently, counsel for the parties engaged in discussions concerning the discovery measures proposed by Defendant. Ultimately, the parties were unable to agree on those measures, which necessitated the filing of the motion now before the court, which was filed on the day of the fact discovery deadline.

## **LEGAL STANDARDS**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

With respect to limiting discovery, rule 26(b)(2)(C) provides that

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## ANALYSIS

Through its motion, Defendant makes the specific request to have access to four of Plaintiff's employees' computers so that it may ascertain whether there was ever any response to the May 2008 e-mail and whether a particular SOP exists. Defendant further requests that the

discovery period in this case be extended for an unspecified period so that it can conduct that electronic discovery and conduct any necessary follow-up discovery. Defendant generally argues that the information sought through the electronic discovery falls under the scope of allowable discovery because it is relevant and reasonably calculated to lead to the discovery of admissible evidence.

In response, Plaintiff argues that Defendant's motion should be denied because discovery surrounding responses to the May 2008 e-mail and the relevant SOP is duplicative of earlier discovery. Plaintiff also contends that Defendant has had ample time to conduct the discovery it seeks through its motion.

The court is persuaded by Plaintiff's arguments. First, the court concludes that the discovery Defendant now seeks is duplicative of discovery already conducted. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff has responded to formal discovery requests, deposition questions, and informal discovery requests concerning both responses to the May 2008 e-mail and the SOP in question. According to those responses, it appears that Plaintiff has been unable to locate any response to the May 2008 e-mail, and the SOP in question is no longer in Plaintiff's possession. The court presumes that Plaintiff's assertions in that regard were made in good faith after a diligent search.

Second, the court has determined that Defendant has had ample time to conduct the discovery it now seeks at this late stage of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). As Defendant has admitted, this case has been through six different scheduling orders, which has provided approximately three years of discovery. Further, as noted by Plaintiff, Defendant received discovery responses concerning responses to the May 2008 e-mail and the SOP in

question long ago. Defendant has used the May 2008 e-mail in depositions and first asked whether there was any response to that e-mail in December 2011. While it may be true, as asserted by Defendant, that Plaintiff has not conducted any forensic analysis to determine if any e-mails have been deleted, the court believes that Defendant should have brought that issue to the court much earlier than at the close of fact discovery. With respect to the timing of Defendant's motion, the court recognizes that counsel for the parties were engaged in discussions concerning Defendant's proposed discovery measures prior to the filing of the motion; however, it is noteworthy to the court that the motion was filed on the day of the fact discovery deadline. Finally, the court notes that Defendant is not seeking a discreet extension of fact discovery. Instead, Defendant is seeking an indefinite extension of time to conduct discovery. Given the extensive discovery period already provided in this case, the court is unwilling to allow such an open-ended extension. In short, it is time for this case to move forward.

As a final matter on Defendant's motion, the court addresses the parties' dueling requests for an award of reasonable expenses, including attorney fees, incurred in connection with Defendant's motion to compel. *See* Fed. R. Civ. P. 37(a)(5). Given that the court has denied Defendant's motion, it logically follows that its request for reasonable expenses is denied. As for Plaintiff's request for such an award, the court cannot say that Defendant's motion was not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(B). Further, the court is not persuaded that an award to Plaintiff is justified under the circumstances presented here. *See id*. Accordingly, Plaintiff's request for an award of reasonable expenses is likewise denied.

## CONCLUSION AND ORDER

Based on the foregoing, Defendant's motion to compel and to continue discovery[5] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 11th day of September, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 108.